ISRAEL L. DOGON & another[1] *vs.* STATE TAX COMMISSION.

Suffolk.    April 8, 1976. — July 29, 1976.

Present: REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Taxation,* Income tax.

Where taxpayers elected to report gains on a sale of Florida real estate in 1965 by the instalment method for Federal income tax purposes, and gain on the sale of foreign real estate was not subject to Massachusetts income tax at that time, the taxpayers' income subject to taxation by the State subsequent to the enactment of G. L. c. 62, § 3, as appearing in St. 1971, c. 555, § 5, was to be adjusted pursuant to G. L. c. 62, § 63 (*d*), inserted by St. 1971, c. 555, § 18, to exclude the instalment gain. [700-703]

---

[1] The other appellant is Sally Dogon, wife of Israel. Her receipt of income is the source of the dispute before us. Her husband is involved only because they filed joint Federal and joint State tax returns for the taxable year involved here.

APPEAL from a decision of the Appellate Tax Board.

*Charles P. Burgess (Edward F. Hines, Jr.,* with him) for the taxpayer.

*Thomas Miller,* Assistant Attorney General, for the State Tax Commission.

WILKINS, J. The taxpayers appeal from a determination of the Appellate Tax Board (board) that gain included within an instalment payment, received in 1971, on a 1965 sale of an interest in Florida real estate was income taxable under the Massachusetts income tax law. The taxpayers, who were residents of the Commonwealth at all material times, elected to report the sale by the instalment method for Federal income tax purposes. See Int. Rev. Code of 1954, § 453 (b). The gain on the sale was not taxable under the Massachusetts income tax law in effect in 1965, but the State Tax Commission (commission) claims that the gain received in 1971 was taxable because of 1971 changes in the tax law.

The facts are quite simple. In 1965, one of the taxpayers sold an undivided one-ninth interest in Florida real estate. The sale price was to be paid over a ten-year period. The taxpayers and the other sellers elected to report the transaction on the instalment method for Federal income tax purposes. At no time have the taxpayers applied to the commission for permission to report the transaction on the instalment method for Massachusetts income tax purposes.[2]

During 1971, an instalment payment was made which included $772.89 of long-term capital gain. The taxpayers paid a tax on this gain and filed an application for abate-

---

[2] It is hardly surprising that the taxpayers have not made such an application. All parties agree that gain on the sale of foreign real estate was not subject to Massachusetts income tax in 1965. See G. L. c. 62, § 5 (c), as appearing in St. 1957, c. 540, § 1, and as amended through St. 1960, c. 554, § 1. The taxpayers, therefore, had no reason to use the instalment method in reporting their 1965 income. The taxpayers contend that the 1971 changes in the income tax law do not alter the result, and, consequently, in the taxpayers' view a request for permission to report on the instalment method has never been advisable.

ment of that tax. The commission denied the application, the board agreed, and the taxpayers have appealed.[3]

The commission argues that, because the gain received in 1971 was included in the taxpayers' 1971 Federal gross income, the gain was "income subject to taxation" under G. L. c. 62, § 3, as appearing in St. 1971, c. 555, § 5. The taxpayers argue that G. L. c. 62, § 63 (*d*), inserted by St. 1971, c. 555, § 18, requires that their "income subject to taxation" be adjusted by excluding the gain reported on the instalment method from their 1971 taxable income. We agree with the taxpayers and reverse the decision of the board.[4]

Because the gain which was received in 1971 was part of the taxpayers' "federal gross income" (G. L. c. 62, § 1 [*d*]), part of their gross income and adjusted gross income for State income tax purposes (G. L. c. 62, § 2), and not excluded from their "income subject to taxation" by any modification of their adjusted gross income (see G. L. c. 62, § 3), the gain was "income subject to taxation" as defined in G. L. c. 62, § 3. Consequently, the gain is taxable under the literal wording of G. L. c. 62, §§ 2 and 3, unless a particular provision of the tax statute exempts it from taxation. We believe that G. L. c. 62, § 63 (*d*), inserted by St. 1971, c. 555, § 18, is such a special provision.

---

[3] The board's opinion discusses only the question whether the Commonwealth constitutionally could tax capital gain received from the sale of foreign real estate, a point already decided in the Commonwealth's favor in *Ingraham* v. *State Tax Comm'n,* 368 Mass. 242 (1975), and not challenged by the taxpayers' requests for rulings of law filed with the board, nor challenged here. The commission gave no consideration to the constitutionality of a 1971 tax statute which sought to tax gain received in 1971 in the form of an instalment payment on a 1965 sale of foreign real estate, an issue which the taxpayers raised in their petition and argue here. We need not reach the constitutional question.

The taxpayers' requests for rulings of law filed with the board do not focus on the statutory exclusion on which they rely here, but the commission does not argue that the issue was not raised before the board and that, therefore, the question cannot be considered by us. See G. L. c. 58A, § 13.

[4] All references to G. L. c. 62 will be to that chapter as amended by St. 1971, c. 555, except as indicated otherwise.

Section 63 (d) provides: "If the commission does not permit a taxpayer to report income on the installment method and such method is used by the taxpayer in his federal income tax return, his income subject to taxation under this chapter for any taxable year in which installment income is reported in his federal income tax return must be adjusted accordingly." The basic purpose of this provision is clear. If a taxpayer is using the instalment method of paying his Federal income tax and is not using it for State income tax purposes, the amount shown on the taxpayer's Federal return as gross income will not lead to the proper State income tax consequences. In the first taxable year, the income taxable under the Federal tax law (only a portion of the gain) will be less than the income taxable under the State income tax law (all the gain).[5] Thereafter, the Federal returns will show taxable gain for Federal tax purposes which is not to be taxed under the State tax law. Section 63 (d) mandates an appropriate adjustment in determining the taxpayers' "income subject to taxation."

The facts demonstrate that the commissioner has not "permitted" the taxpayers to report income on the instalment method and that the taxpayers have elected to report income on the instalment method for Federal income tax purposes. In such a situation, the conditions of § 63 (d) are met and the taxpayers' "income subject to taxation ... must be adjusted accordingly." Therefore, the instalment gain taxable for Federal tax purposes in 1971 must be removed from the taxpayers' income subject to taxation.[6]

---

[5] This assumes, of course, that the bases for State and Federal income tax purposes are not so disparate as to make the entire taxable gain for State purposes less than the gain taxable in the first year under Federal law. See G. L. c. 62, § 7.

[6] General Laws c. 62, § 63, was rewritten in 1973, applicable to taxable years commencing after December 31, 1972. St. 1973, c. 723, §§ 11, 19. We express no opinion concerning the result if that amendment had applied to the tax year in this case. The instalment sale in 1965 may not have been an "installment transaction" as defined in § 63 (a), as amended in 1973.

The commission's arguments that § 63 (*d*) does not apply to this transaction are not persuasive. We find no support for the commission's argument that "the installment method of reporting income is an alternative accounting method only for those taxpayers who report on the accrual basis." Cf. 2 J. Mertens, Jr., Law of Federal Income Taxation § 15.01 (1974 rev.). Untenable as well is the commission's further argument that § 63 (*d*) applies only to a taxpayer who requests permission to use the instalment method of reporting income for State tax purposes and is refused that permission. The commission cites no authority or legislative history to support these contentions. By its terms, § 63, particularly § 63 (*d*), does not express the result for which the commission contends.

The decision of the Appellate Tax Board is reversed. The taxpayers' application for abatement is to be granted.

*So ordered.*