OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek a judgment setting aside a determination of respondent New York State Tax Commission which denied petitioners’ petition for a redetermination of a deficiency of personal income tax for the year 1972 under article 22 of the Tax Law.
Petitioner Richard D. Rosenblatt sold 50 shares of common stock of Atwood Richards, Inc. on July 22, 1968. He elected to report the resulting long-term capital gain on an installment basis for income tax purposes.
In their 1972 New York State income tax return, the petitioners reported a long-term capital gain of $855,652, representing the portion of the 1968 gain that was received during the year 1972. In reporting the item, petitioners treated the installment on the basis of 1968 capital gain rates and claimed that said capital gain was not subject to additional taxes.
*491 The Income Tax Bureau deemed the capital gain to be a Federal item of tax preference under the provisions of section 622 (subd [b], par [4]) of the Tax Law and thus includable in determining the New York minimum taxable income subject to tax (at the rate of tax by-laws in effect in the year 1972). Petitioner was held to be liable for the payment of additional income taxes in the amount of $36,950. 20, and the petitioner filed with the respondent a petition for redetermination. A hearing was held and the State Tax Commission in its decision held that the nature of the gain and the rate of tax to be applied is to be determined by the law in effect when the payment is received (1972), not the law in effect at the time of the sale (1968). The assessment of the additional income taxes was upheld by the commission and this proceeding was thereafter instituted by the petitioners.
The petitioners contend that the New York minimum income tax is inapplicable to"the 1972 installment of the 1968 long-term capital gain and that, therefore, the respondent acted arbitrarily and capriciously by so applying it.
This court cannot agree with the contentions of the petitioners. The Income Tax Bureau followed the statute in effect in 1972 (Tax Law, § 622, eff May 20, 1970) in computing the minimum income tax applicable to the gain reported by the petitioners in their income tax return for 1972. The nature of the gain and the rate of tax to be applied is determined by the law in effect when the payment is received pursuant to Federal judicial precedent. See Picchione v Commissioner of Internal Revenue (440 F2d 170) and Snell v Commissioner of Internal Revenue (97 F2d 891), both of which held that in the case of an installment sale, the law in effect at the time the payment is received, not at the time of the sale, determines the character of the income.
The statutory construction by the State Tax Commission is neither irrational nor unreasonable and must therefore be upheld (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Howard v Wyman, 28 NY2d 434).
The petition is therefore denied.