ROHRBOUGH, INC. *vs.* COMMISSIONER OF REVENUE.

Suffolk. January 8, 1982. — April 20, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Taxation,* Corporate excise, Instalment transactions.

Where an individual, who had sold real estate for which he was to be paid in instalments over a period of years pursuant to notes, elected to report the gain as an instalment sale for Federal tax purposes, but for State income tax purposes he reported the gain on his 1971 individual tax return and paid the tax on the entire gain, and where subsequently the individual transferred the remaining instalment notes to a corporation, the corporation was not required to include the gains reflected in the instalment payment in its gross income for State corporate excise tax purposes.  [830-832]

APPEAL from a decision of the Appellate Tax Board.

*Linda M. Irvin,* Assistant Attorney General, for Commissioner of Revenue.

*Leonard F. Clarkin (Harris T. Luscomb, III,* with him) for the taxpayer.

WILKINS, J.  In 1971, George I. Rohrbough (Rohrbough) sold real estate in Boston at a substantial capital gain.  The sales price was to be paid in instalments over a period of six years, pursuant to notes, and the transaction qualified under § 453 of the Internal Revenue Code (I.R.C.) (26 U.S.C. § 453 [1976]) for treatment as an instalment sale. Rohrbough elected to report the gain as an instalment sale for Federal income tax purposes, but, for State income tax purposes (G. L. c. 62, § 63 [*e*]), he elected to report the gain on his 1971 individual tax return and to pay the tax on the entire gain.  In February, 1974, Rohrbough transferred the remaining instalment notes to the taxpayer, Rohrbough, Inc. (corporation), in exchange for 100 shares of stock. Rohrbough owned all the stock in the corporation.  This

transfer was a tax free exchange under § 351 of the Internal Revenue Code. Thereafter, the corporation received instalment payments. In its 1975, 1976, and 1977 Federal income tax returns, the corporation included the taxable gains reflected in the instalment payments in its gross income. In filing its Massachusetts corporate excise returns for the same years, the corporation excluded the gains from its gross income, explaining that the entire tax on the gain had been paid by Rohrbough as reflected in his 1971 Massachusetts individual tax return. The Commissioner of Revenue assessed taxes on these gains to the corporation.

On the corporation's appeal to the Appellate Tax Board (board) from the Commissioner's denial of abatements, the board ruled that the corporation was entitled to abatements. The Commissioner has appealed to this court. We affirm the decision of the board.

We agree with the following conclusions of the board: "Since capital gain treatment has been accorded to the sale for state tax purposes, this has the effect of increasing the basis of the notes to their face value upon the transfer. In that sense, there is no gain in the hands of the corporation and thus the amounts received are not taxable and should not be included in the computation of Massachusetts corporation excise tax. To rule otherwise would be a double taxation of the proceeds from the same transaction which should be avoided. *DeBlois* v. *Commissioner of Corporations and Taxation*, 276 Mass. 437 (1931); *New England Mutual Life Insurance Co.* v. *Boston*, 321 Mass. 683 (1947); *Old Colony Trust* v. *Commissioner of Corporations and Taxation*, 346 Mass. 667 (1964)."

In computing a corporation's domestic corporate excise, consideration is given to the corporation's Massachusetts "net income" which is arrived at by taking certain deductions from "gross income." G. L. c. 63, § 32. G. L. c. 63, § 30 (5) (*b*). "Gross income" is "gross income as defined under the provisions of the Federal Internal Revenue Code, as amended and in effect for the taxable year," with certain adjustments not relevant here. G. L. c. 63, § 30 (5) (*a*), as

amended through St. 1967, c. 755, § 3.  The reference is to the provisions of the Internal Revenue Code and not simply to the amount of gross income shown on a taxpayer's Federal income tax return for the same tax year.  Although the figure shown as gross income on a taxpayer's Federal return will normally be the gross income for State tax purposes for the same tax year, this is not always the case.  Such a difference exists where, as here, an individual makes differing elections with respect to the tax treatment of instalment transactions under I.R.C. § 453.  See G. L. c. 62, § 63; *Dogon* v. *State Tax Comm'n*, 370 Mass. 699, 702 (1976).

The Commissioner argues that the corporation is not being subjected to an income tax but to a corporate excise in part based on income (G. L. c. 63, § 38), and that the Legislature has made no special provision for a corporation receiving assigned instalment payments, as it has in G. L. c. 62, § 63, for individuals.  However, the corporation's basis for the instalment notes was that of the transferor, Rohrbough.  I.R.C. §§ 362(a), 1016(b).  For State tax purposes, applying the definition of capital gains in the Internal Revenue Code, there is no gain.  The basis for State tax purposes was the face value of the notes because Rohrbough, the transferor, had paid a tax on the capital gain in full when he filed his 1971 Massachusetts individual income tax return.[1]  I.R.C. §§ 362, 1016(b).  See I.R.C. § 351.  The amount received by the corporation equaled the basis of the notes.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

---

[1] We need not decide whether, in any event, the provisions of G. L. c. 62, § 63 (*e*), should be read to grant the corporation the tax result it seeks.  The question would be whether the corporation is a "person" whose Federal gross income should be modified by eliminating instalment payments taxable federally but already fully taxed by the Commonwealth.