CARL C. JOHNSON & another[1] vs. DEPARTMENT OF REVENUE.

Suffolk.  April 6, 1982. — August 4, 1982.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Taxation*, Income tax.  *Constitutional Law*, Equal protection of laws, Income tax.  *Due Process of Law*, Income tax.

The income tax exemption provided by G. L. c. 62, § 63, as amended through St. 1973, c. 723, § 11, was not available to taxpayers challenging the taxation of gain included within an installment payment received in 1973 on a sale of real estate in 1970, a year in which such gains were not taxable. [61-63]

Gain included within an installment payment received in 1973 on a sale of real estate in 1970, a year in which such gains were not taxable, was income realized in 1973, and thus the taxation of the gain under the Massachusetts income tax law, as amended by St. 1973, c. 723, was not a retroactive application of the tax in violation of the taxpayers' constitutional due process rights. [63-65]

Taxation under the Massachusetts income tax law, as amended by St. 1973, c. 723, of gain included within an installment payment received in 1973 on a sale of real estate in 1970, a year in which such gains were not taxable, did not infringe upon the taxpayers' equal protection rights guaranteed by the Fourteenth Amendment to the Federal Constitution or art. 10 of the Massachusetts Declaration of Rights by reason of any disparity between the tax treatment accorded to taxpayers who did, and those who did not, elect to report pre-1973 capital gain on the installment method for Federal tax purposes. [65-66]

Provisions of St. 1973, c. 723, which had the effect of taxing gain included within an installment payment received in 1973 on a sale of real estate in 1970, a year in which such gains were not taxable, did not violate art. 44 of the Amendments to the Massachusetts Constitution by reason of taxing capital accrued prior to the imposition of the tax. [66-67]

APPEAL from a decision of the Appellate Tax Board.

*Edward F. Hines, Jr. (Michael D. Bliss* with him) for the taxpayers.

---

[1] Rosina B. Johnson.

*Stephen S. Ostrach,* Assistant Attorney General, for Department of Revenue.

ABRAMS, J. The taxpayers appeal from a decision of the Appellate Tax Board (board) which denied their request for an abatement of income tax paid on income received in 1973. The board held that gain included within an installment payment received in 1973, on a sale of real estate in 1970, was income taxable under the Massachusetts income tax law even though gains from the sale of the real estate were not subject to the Massachusetts income tax in the year of the sale. See Flower, State Taxation, 1957 Ann. Survey Mass. Law 186-187. See also *Dogon* v. *State Tax Comm'n,* 370 Mass. 699, 700 n.2 (1976). The board also determined that such an application of the tax was constitutional. We agree with the board that the money received in 1973 is subject to the Massachusetts income tax, and that application of the tax is not unconstitutional. We affirm the decision of the board.

We summarize the facts. In July, 1970, the taxpayers sold a parcel of vacant real estate. The sale price was $180,000, consisting of $45,000 cash and a promissory note payable in three equal installments of $45,000 in 1971, 1972, and 1973. The taxpayers reported the gain on the installment method for Federal income tax purposes. See § 453 (b) of the Internal Revenue Code (I.R.C.) (26 U.S.C. § 453 [b] [1976]). The taxpayers did not report the gain as income on their 1970 Massachusetts return because the gain was not taxable under the Massachusetts income tax in effect in 1970. See Flower, State Taxation, 1957 Ann. Survey Mass. Law 186-187.

In 1973, the taxpayers received the final installment under the promissory note. The taxpayers reported the gain as income on their joint Federal income tax return, but did not report it on their joint State tax return. The Commissioner of Corporations and Taxation, now the Department of Revenue (hereinafter department), assessed an additional tax which the taxpayers paid. The taxpayers then filed an application for an abatement which the department denied.

Before the board the taxpayers argued that the installment amount received in 1973 was excluded from the State income tax by G. L. c. 62, § 63, as amended through St. 1973, c. 723, § 11. The taxpayers also claimed that the Commonwealth could not constitutionally tax the amounts received. The board denied the taxpayers' request for an abatement. The taxpayers appealed.

1. *Taxability of installment amount.* The taxpayers reported the gain in the installment payment as income on their Federal income tax return. See I.R.C. § 453 (b). "Because the gain which was received in [1973] was part of the taxpayers' 'federal gross income' (G. L. c. 62, § 1 [*d*]), part of their gross income and adjusted gross income for State income tax purposes (G. L. c. 62, § 2), and not excluded from their 'income subject to taxation' by any modification of their adjusted gross income (see G. L. c. 62, § 3), the gain was 'income subject to taxation' as defined in G. L. c. 62, § 3. Consequently, the gain is taxable under the literal wording of G. L. c. 62, §§ 2 and 3, unless a particular provision of the tax statute exempts it from taxation." *Dogon* v. *State Tax Comm'n*, 370 Mass. 699, 701 (1976).

The taxpayers argued before the board that such an exclusion is found in G. L. c. 62, § 63, as amended through St. 1973, c. 723, § 11. The board held that the taxpayers did not qualify for the exemption provided by that section because the installment sale in 1970 was not an "installment transaction," as defined in G. L. c. 62, § 63 (*a*). See *Dogon* v. *State Tax Comm'n, supra* at 702 n.6. We agree with the board.

General Laws c. 62, § 63 (*a*), defines "installment transaction" as "any transaction which: (1) is treated for federal tax purposes under sections four hundred and fifty-three (*a*) or (*b*) of the Code, and (2) would, but for the application of section four hundred and fifty-three of the Code, result in an item of Massachusetts gross income for the taxable year of the transaction." The transaction in question qualifies as an "installment transaction" under subsection (1), but fails under subsection (2). For the taxable year of the transaction

(1970), the transaction would not have resulted in an item of Massachusetts gross income, and therefore, the exemption provisions applicable to "installment transactions" (G. L. c. 62, § 63) do not apply to the 1970 sale.[2]

On appeal, the taxpayers argue that G. L. c. 62, § 63, as amended through St. 1973, c. 723, § 11, was not intended to apply to pre-1973 sales. The taxpayers assert that former G. L. c. 62, § 63 (d), inserted by St. 1971, c. 555, § 18, "should be construed as remaining in effect in the case of sales . . . occurring prior to January 1, 1973." See Dogon v. State Tax Comm'n, supra (taxpayers entitled to adjust Federal gross income for State tax purposes to reflect use of installment method for Federal, but not State, income tax purposes. The taxpayers also argue that they are entitled to an exemption by the revised basis rules of former G. L. c. 62, § 7, as appearing in St. 1973, c. 723, § 2.[3] The taxpayers contend that they held a promissory note on December 31, 1970, and that if there had been a sale of the note, any gain would have been taxable, and therefore they are entitled to an adjustment of basis. "The taxpayers' requests for rulings of law filed with the board do not focus on the statutory exclusion[s] on which they rely here, . . . [nor does the board's opinion address them], therefore, the question[s] cannot be considered by us. See G. L. c. 58A, § 13." Dogon v. State Tax Comm'n, supra at 701 n.3.[4] See Commissioner of Reve-

---

[2] This case does not raise any issue of double taxation. Both parties agree that the taxpayers paid no State income tax on the gain which resulted from the sale. We leave open the question whether the transaction might be an "installment transaction," had the initial transaction been taxable.

[3] General Laws c. 62, § 7, repealed by St. 1979, c. 409, § 4, provided in pertinent part: "In determining Massachusetts gross income, if the federal gross income includes any item of gain . . . with respect to property, then the federal gross income shall be . . . decreased by the excess of the Massachusetts adjusted basis of such property over the federal adjusted basis thereof."

[4] In Dogon, the State Tax Commission failed to argue that the statutory exclusion relied on by the taxpayer was not raised before the board. We, therefore, felt it appropriate to express our views. Dogon v. State Tax Comm'n, 370 Mass. 699, 701 n.3 (1976).

*nue* v. *McGraw-Hill, Inc.*, 383 Mass. 397, 404-405 (1981).[5] Finally, neither before the board nor before this court do the taxpayers raise any claim that there was no taxable gain recognized in 1973 because the basis of the note was determined by the sale price in 1970. Compare *Rohrbough, Inc.* v. *Commissioner of Revenue*, 385 Mass. 830 (1982). Therefore, we do not reach or discuss that issue. See G. L. c. 58A, § 13.

2. *Constitutionality.* The taxpayers argue that G. L. c. 62, § 2, if applied to them, would (a) be retroactive in effect and, therefore, violate the due process clause of the Federal Constitution and comparable provisions of the Massachusetts Constitution; (b) be an arbitrary distinction between taxpayers in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and art. 10 of the Massachusetts Declaration of Rights; and (c) be a tax on capital appreciation occurring before the effective date of the tax in violation of art. 44 of the Massachusetts Constitution. We conclude that the Massachusetts income tax, as applied in this case, is constitutional.

a. *Due process.* The taxpayers argue that, since the installment payments received in 1973 were actually proceeds from the sale of property in 1970 (when such a gain was not taxable), the taxation of these proceeds in 1973 was, in effect, a tax upon the gain from such prior sale. They argue that this gain was fully realized in 1970, so that any tax upon the gain at a later date amounts to a retroactive application of the Massachusetts income tax in violation of the due process clause. The application of the statute is not retroactive in these circumstances.

The taxpayers elected to report the gain on the sale of their property on the installment method under I.R.C. § 453, thereby requiring them to "return as income therefrom in

---

[5] The issue whether the taxpayers are entitled to an adjustment to basis under former G. L. c. 62, § 7, was raised by the department in its request for rulings of law, and mentioned in its brief to the board. However, such a "mere recitation" of a claim is insufficient to put the board on notice that either party was raising that claim. See *Commissioner of Revenue* v. *McGraw-Hill, Inc.*, 383 Mass. 397, 405 (1981).

[1973] . . . that proportion of the installment payments actually received in [1973]," in accordance with the provisions of I.R.C. § 453 (a). Having made such an election, that portion of the gain received by them in 1973 constituted gross income as defined by "federal gross income" in accordance with G. L. c. 62, § 2 (a). Since "the receipt of the installment payment in [1973] was a part of [the taxpayers'] . . . gross income for federal tax purposes in [1973], . . . [it] is thus the taxable event upon which [G. L. c. 62, § 2 (a)] . . . levied a tax." *Dery* v. *Lindley*, 57 Ohio St. 2d 5, 6 (1979). See *Marco Assocs.* v. *Comptroller of the Treasury*, 265 Md. 669, 672-673 (1972); *Katzenberg* v. *Comptroller of the Treasury*, 263 Md. 189, 199 (1971); *Roger Dean Enterprises* v. *State*, 387 So.2d 358, 364 (Fla. 1980); *Tiedemann* v. *Johnson*, 316 A.2d 359, 366 (Me. 1974); *DuBois* v. *Director, Div. of Taxation*, No. GI 192-80, slip op. at 24 (N.J. Tax Ct. Dec. 18, 1981); *Rosenblatt* v. *New York State Tax Comm'n*, 106 Misc.2d 490 (N.Y. Sup. Ct. 1980). See also *Picchione* v. *Commissioner*, 440 F.2d 170, 173 (1st Cir.), cert. denied, 404 U.S. 828 (1971). "The taxable event is receipt of the installments. Since this is a current event, there is no retroactivity." *DuBois* v. *Director, Div. of Taxation, supra.*

Further, the taxpayers' claim, that since the gain from the sale was fully realized in 1970,[6] gain in the installment payment cannot be subject to tax by virtue of a 1973 statute, is unpersuasive. The parties concede that the gain, although realized, was not recognized for tax purposes. "Vari-

---

[6] In *Picchione* v. *Commissioner*, 440 F.2d 170, 173 (1st Cir.), cert. denied, 404 U.S. 828 (1971), the court held that "[w]hen a taxpayer chooses to spread the *realization* of income from a transaction over a number of years . . . the government does not violate due process by taxing that income under the revenue laws in effect in the year in which it is received and reported" (emphasis supplied). See *Snell* v. *Commissioner*, 97 F.2d 891, 893 (5th Cir. 1938). Both parties agree that the taxpayers' gain was realized in 1970. Even assuming that the gain was realized in 1970 (see *Katzenberg* v. *Comptroller of the Treasury*, 263 Md. 189, 200 [1971]), the taxpayers cannot prevail on their due process claims because the gain was not fully recognized in 1970.

ous sections of the Code imply that unrecognized gains are not part of gross income." *B.W. Co.* v. *State Tax Comm'n,* 370 Mass. 18, 20 (1976). As required by I.R.C. § 453 (a), the installment payments were not "return[ed] as income" until "actually received" in 1973. See *DuBois* v. *Director, Div. of Taxation, supra.* "[T]he existence of a capital gain was realized when the [sale was] made (assuming the notes were paid or could be disposed of), but the [taxpayers] preferred to defer recognition of the gain for federal tax purposes until the time when and if the notes were paid or otherwise disposed of. It was the deferral of some part of this recognition until the [year 1973], when the [Massachusetts] Act was fully operative which brought the gains recognized in [that year] within the scope of the Act." *Katzenberg* v. *Comptroller of the Treasury,* 263 Md. 189, 200-201 (1971). It is the recognition of the gain for Federal tax purposes which is the taxable event on which G. L. c. 62, § 2 (a), levied a tax.

b. *Equal protection.* The taxpayers clai·. that G. L. c. 62, § 2 (a), as applied in this case, violate. .1e equal protection clause of the Federal Constitution and art. 10 of the Massachusetts Declaration of Rights. They argue that they are being treated unfairly compared to taxpayers who sold property prior to January 1, 1973, and who elected not to report any gain on the installment m .hod for Federal income tax purposes. We do not agree.

"Any distinction in a tax statute that has a rational basis will survive a challenge under the equal protection clause. . . . The breadth of legislative discretion available to the Legislature is wide in tax classifications." *Smith* v. *Commissioner of Revenue,* 383 Mass. 139, 141 (1981). See *Lehnhausen* v. *Lake Shore Auto Parts Co.,* 410 U.S. 356, 359 (1973); *Allied Stores of Ohio, Inc.* v. *Bowers,* 358 U.S. 522, 526 (1959). General Laws c. 62, § 2 (a), "uses as a base an individual taxpayer's adjusted gross income reported for federal income tax purposes, with certain additions and subtractions. The Act is not directed at payments received from installment sales before the date of its enactment. Neither

does it purport to be a tax on capital gains as such or a tax on installment payments as such. It is rather a tax measured by the yardstick of income reported for federal tax purposes, whether capital gains be reflected in this figure or not. This is by no means the [type of] discrimination identified . . . as 'taxing one group of persons . . . without including others who are similarly situated.' Impermissible discrimination is spawned not by reasonable classification but by arbitrary distinctions between persons in the same class" (citation omitted). *Katzenberg* v. *Comptroller of the Treasury*, 263 Md. 189, 203-204 (1971) (construing comparable income tax provision). Moreover, the taxation of installment recipients does not appear to be a specific goal of G. L. c. 62, § 2 (*a*). Such a result is the effect of the Legislature's choice to adopt Federal gross income as a measure of Massachusetts gross income. "This adoption certainly seems justified in the interests of simplicity and avoidance of complexity with respect to the timing of income. For these reasons the [Massachusetts] act does not work a denial of equal protection." *DuBois* v. *Director, Div. of Taxation, supra,* slip op. at 22.

We reject the taxpayers' claim that it is unconstitutional to treat them differently from taxpayers who elected not to report any gains on the installment method. The taxpayers "chose to defer [recognition] of the profits on the deferred installments. These thereby were left to fall under such provisions of the law as might be of force at their maturity. That the law might be changed, not only in the tax rate but in any other of its provisions, was a risk the taxpayer[s] took in deferring the [recognition] of [their] gains." *Snell* v. *Commissioner*, 97 F.2d 891, 893 (5th Cir. 1938). See *Picchione* v. *Commissioner*, 440 F.2d 170, 172 n.2 (1st Cir. 1971). *DuBois* v. *Director, Div. of Taxation, supra; Dery* v. *Lindley*, 57 Ohio St. 2d 5, 8 (1979). Having taken the risk, the taxpayers cannot now be heard to complain.

c. *Article 44.* Finally, the taxpayers contend that imposition of the tax in this case would violate art. 44 of the

Amendments to the Massachusetts Constitution as a tax on capital accruing prior to January 1, 1973. The taxpayers rely on *Tax Comm'r* v. *Putnam,* 227 Mass. 522, 529 (1917). However, the taxpayers' reliance on that case is misplaced. "The fact that a part of the taxed gain, represented increase in value . . . before the present taxing act, is without significance. [The Legislature], having constitutional power to tax the gain, and having established a policy of taxing it, . . . [citation omitted] may choose the moment of its realization [and recognition] and the amount realized [and recognized], for the incidence and the measurement of the tax. Its failure to impose a tax upon the increase in the value in the earlier years . . . cannot preclude it from taxing the gain in the year when realized [and recognized] . . . ." *McLaughlin* v. *Alliance Ins. Co.,* 286 U.S. 244, 250 (1932). See *Fullerton Oil Co.* v. *Johnson,* 2 Cal. 2d 162, 170-171 (1934); *Kellems* v. *Brown,* 163 Conn. 478, 506-509 (1972); *Department of Revenue* v. *Leadership Hous., Inc.,* 343 So.2d 611, 613-615 (Fla.), cert. denied, 434 U.S. 805 (1977); *Norman* v. *Bradley,* 173 Ga. 482, 485-488 (1931), appeal dismissed sub nom. *Glenn* v. *Doyal,* 285 U.S. 526 (1932) (per curiam); *City Nat'l Bank* v. *Iowa State Tax Comm'n,* 251 Iowa 603, 610-613 (1960); *Fidelity & Columbia Trust Co.* v. *Reeves,* 287 Ky. 522, 530-534 (1941); *Tiedemann* v. *Johnson,* 316 A.2d 359, 366 (Me. 1974); *Shangri-La, Inc.* v. *State,* 113 N.H. 440, 443-444 (1973). We agree with the reasoning of the *McLaughlin* case. We, therefore, conclude that G. L. c. 62, § 2 (*a*), does not violate art. 44 in this case.

The taxpayers argue that any increase in the value of the property before its sale (or 1973) represents an increase in the value of a capital asset and is, thus, not taxable in 1973. The taxpayers' argument misconstrues what is being taxed. General Laws c. 62, § 2 (*a*), levies a tax only on a taxable event which, in this case, is the actual recognition of income for Federal tax purposes. It does not purport to tax appreciation occurring prior to the date of the imposition of the tax. See *Fullerton Oil Co.* v. *Johnson, supra; Kellems* v. *Brown, supra; Department of Revenue* v. *Leadership Hous., Inc.,*

*supra; Norman* v. *Bradley, supra; City Nat'l Bank* v. *Iowa State Tax Comm'n, supra; Fidelity & Columbia Trust Co.* v. *Reeves, supra; Tiedemann* v. *Johnson, supra; Shangri-La, Inc.* v. *State, supra.*  An income tax levied on the final recognition of profit does not violate art. 44 merely because the amount of profit is measured with reference to a basis prior to the application of the tax.

We conclude that General Laws c. 62, § 2 (*a*), applies to the installment payment received by the taxpayers in 1973, and that they are not entitled to an exemption by G. L. c. 62, § 7 or § 63.  We further conclude that G. L. c. 62, § 2 (*a*), is constitutional in its application to this installment payment.

*Decision of the Appellate Tax*
*Board affirmed.*