PATRIOT GENERAL LIFE INSURANCE COMPANY *vs.*
COMMISSIONER OF REVENUE.

Suffolk. November 5, 1982. — February 23, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Taxation,* Insurance company excise, Accounting principle.

A domestic life insurance company which sold its right to receive future
interest income on certain bonds, receiving in 1978 the entire proceeds
of the sale, and which treated the proceeds as taxable investment in-
come on its Federal income tax return for that year, was required by
G. L. c. 63, § 22B, to include the entire proceeds in its calculation of
"net investment income" for State excise tax purposes in 1978. [237-239]

APPEAL from a decision of the Appellate Tax Board.
The case was submitted on briefs.
*David W. Woods & Cherry A. Muse* for the taxpayer.
*Francis X. Bellotti,* Attorney General, *& H. Reed Wither-
by,* Assistant Attorney General, for the Commissioner of
Revenue.

LYNCH, J.  Patriot General Life Insurance Company (tax-
payer) appeals from a decision of the Appellate Tax Board
(board) sustaining the refusal of the Commissioner of Reve-
nue (Commissioner) to abate an investment privilege excise
assessed under G. L. c. 63, § 22B, for the taxable year end-
ing December 31, 1978.

From the statement of agreed facts which was adopted by
the board the following facts appear.  The taxpayer is a
domestic life insurance company incorporated under the
laws of the Commonwealth.  On December 20, 1978, it sold
its right to receive future interest income on certain bonds
for a net payment price of $2,689,251.  The amount of the
future interest income was $3,488,793.75.  The sale trans-
ferred all rights of ownership to the buyer, Chase Manhat-
tan Bank.  The taxpayer received the entire proceeds of the

sale on December 20, 1978. The payment price was fully included in the taxpayer's Federal tax return for 1978 as investment income, but was deducted from "net investment income" in its State tax return. The taxpayer sought to amortize this income over the remaining four and one-half years during which the interest income would be paid and, therefore, it only reported a portion of the income for the taxable year in question.

Upon the sale, the taxpayer accelerated its receipt of the investment income and, accordingly, had full use of the income on the date of transfer. The income received was reported ratably for accounting purposes in the taxpayer's 1978 financial statement.

On July 9, 1980, the Commissioner assessed an additional tax of $68,463, plus interest in the amount of $7,209.15, on the basis that the entire proceeds were subject to the excise imposed by G. L. c. 63, § 22B. The taxpayer filed a timely application for abatement, which was denied on August 5, 1980. The petition to the board was filed on September 2, 1980.

The board found that the tax assessed was proper in accordance with G. L. c. 63, § 22B, and sustained the refusal of the Commissioner to abate the tax. We find no error in the decision of the board.

The only question presented by this appeal is whether the Commissioner was correct in ruling that the proceeds from the sale of the right to receive future interest income which were reported as investment income on the taxpayer's Federal income tax return were taxable in Massachusetts as investment income in the year received, under G. L. c. 63, § 22B. The taxpayer concedes that the amount received from the sale is "net investment income" and that at some point the entire amount received must be reported. It argues, however, that the amount received was not income "for the taxable year"[1] because, by its terms, this transac-

---

[1] General Laws c. 63, § 22B, inserted by St. 1977, c. 816, § 28, reads in pertinent part: "(1) Every domestic life insurance company not subject to tax under section twenty-two A and every savings and insurance bank not

tion was not complete until the purchaser earned all of the income from the bonds. This argument is advanced even though the taxpayer received the maximum amount it could receive in the taxable year in question. It also asserts that generally accepted accounting principles and G. L. c. 175, § 25 (which requires an annual reporting of the financial condition of such life insurance companies), do not permit the recognition of income until it is earned. The difficulty with these arguments is that the taxpayer's Federal income tax return for the year in question included the entire sum as "taxable investment income." Since G. L. c. 63, § 22B, defines "net investment income" to mean "taxable investment income" for Federal tax purposes, subject to certain adjustments not relevant here, the taxpayer is confronted by an "impassable barrier" reflecting a legislative intent running through many State tax provisions[2] to assure uniformity between State and Federal tax provisions. *Dow Chem. Co.* v. *Commissioner of Revenue,* 378 Mass. 254, 264 (1979). See *Johnson* v. *Department of Revenue,* 387 Mass. 59, 64 (1982); *Daley* v. *State Tax Comm'r,* 376 Mass. 861, 863 (1978).

It follows from the plain language of § 22B that the entire proceeds from the sale must be included in the calculation of net investment income for State tax purposes. Neither the reporting requirements of G. L. c. 175, § 25, nor general accounting principles require a different result.[3] Within related sections of the same chapter the Legislature has specifically referred to the annual statement required by G. L. c. 175, § 25, when it wished to incorporate that statement into the taxing process. G. L. c. 63, §§ 22A, 22C, and 22D.

subject to the gross investment income tax under section eighteen shall annually pay an investment privilege excise equal to fourteen per cent of its net investment income for the taxable year as adjusted and as apportioned to the commonwealth in accordance with this section."

"(2) As used in this section, 'net investment income' means taxable investment income as defined in paragraph two of subsection (*a*) of section 804 of the Federal Internal Revenue Code."

[2] General Laws c. 62, §§ 1 (1), 2 (*a*); G. L. c. 63, §§ 1, 30 (5) (*a*).

[3] See National Association of Insurance Commissioners (NAIC), Accounting Practices and Procedures c. 19 (1979).

To incorporate the annual statement into the requirements of § 22B, in the absence of a legislative mandate in § 22B, would be illogical in the extreme. We think that the Legislature clearly expressed its intent that "net investment income" be determined with reference to the Federal "investment income," apart from any requirement of the annual statement.

Although it would not be reversible error for the board to be influenced by the underlying reasons and basis for an accounting principle in ascertaining the proper meaning of a statutory term, a generally accepted accounting principle cannot necessarily dictate the result in tax cases. *Xtra, Inc.* v. *Commissioner of Revenue,* 380 Mass. 277, 281 (1980). *First Fed. Sav. & Loan Ass'n* v. *State Tax Comm'n,* 372 Mass. 478, 483 (1977), aff'd, 437 U.S. 255 (1978). Here, no reference to general accounting principles is needed to discern the clear statutory mandate that the requirements of the Federal tax law be followed in determining "net investment income."

The decision of the Appellate Tax Board is affirmed.

*So ordered.*