FRANKLIN DEXTER & another, trustees, *vs.* STATE TAX
COMMISSION
(and a companion case[1]).

Suffolk.    February 8, 1966. — March 9, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax.   *Trust,* Revocable trust.

Under G. L. c. 62, § 5 (c), § 10, as applicable to 1957 income, losses
through sales of securities in that year sustained and reported in an
individual income tax return by an inhabitant of Massachusetts who was
the settlor and income beneficiary of an amendable and revocable inter
vivos trust having Massachusetts trustees could not be offset against
gains from sales of securities in that year realized by the trustees and
reported by them in their fiduciary return.

APPEALS from a decision by the Appellate Tax Board.

*Jesse R. Fillman* for the taxpayers.

*Peter Roth,* Assistant Attorney General (*Herbert E.
Tucker, Jr.,* Assistant Attorney General, with him), for the
State Tax Commission.

CUTTER, J.   By trust instrument dated December 30,
1944, Mr. John Dane, Jr. (the donor) created a trust (since
amended) of which he and Mr. Franklin Dexter were the
trustees.   The trustees were directed to pay the net income
to the donor during his life, with remainder dispositions to
take effect at the donor's death.   Article 7 provided, "This
. . . instrument may be altered, amended or revoked by the
[d]onor in whole or in part at any time or from time to
time by an instrument . . . signed by the [d]onor and de-
livered by him to the [t]rustees . . . ."

During 1957, the donor "individually sold various secu-
rities and recognized a loss of $84,199.72."   During the
same year, the trustees "sold various securities and recog-

---

[1] The companion case (John Dane, Jr., trustee, *vs.* State Tax Commission)
relates to a similar case in respect of a trust set up by the donor's wife.   The
facts of that case need not be stated in detail.   That case is governed by the
same principles of law as the case concerning the donor's trust.

nized a gain of $44,578.57. They treated this gain as principal [for purposes of the trust] rather than income and did not distribute it." In 1958, the trustees filed a Massachusetts 1957 fiduciary income tax return (form 2) and paid the tax shown to be due. That return showed as income for tax purposes the gain of $44,578.57 from the sale of intangible personal property. The tax with respect to that gain was $3,289.90. In 1958, the donor and his wife filed a Massachusetts 1957 joint income tax return (form 1) which, among other things, reported a loss of $84,199.72 from the sale of intangible personal property.

On May 16, 1960, the trustees filed an application for abatement of $3,289.90 of the 1957 income tax paid by them. The State Tax Commission (the commission) refused to allow the abatement. The trustees then appealed to the Appellate Tax Board (the board) under the formal procedure. The facts set forth above were stipulated. The board found that each trustee was in 1944, and at the date of the board's decision, a resident of Massachusetts. It treated the question for decision as being whether "the income from . . . gains . . . reported by . . . [the trustees] in their [f]iduciary [r]eturn had been constructively received by the . . . [donor] and therefore should have been reported on his [i]ndividual [r]eturn rather than on the [f]iduciary [r]eturn so that such gains would have been offset by the [donor's] losses" shown on his individual return. A majority of the board filed an opinion in accordance with which a decision for the commission was entered. The trustees appealed.

1. The principal applicable statutes are set out in the margin. The basic Massachusetts income tax on gains from the sale of intangible personal property is found in G. L. c. 62, § 5 (c) (amended through St. 1957, c. 540, § 1; see also § 3).[2] Section 10 (as amended through St. 1957,

---

[2] Section 5, as thus amended (applicable to income of the calendar year 1957), reads in part: "Income of the following classes *received by any inhabitant of the commonwealth* during the preceding calendar year shall be taxed as follows: . . . (c) The excess of the gains over the losses recognized by the taxpayer from purchases, sales or exchanges of intangible personal property . . . shall be taxed at the rate of three per cent" (emphasis supplied).

c. 644, § 3) [3] provides for the taxation of income received by trustees subject as such to taxation under G. L. c. 62. General Laws c. 62, § 11 (as amended through St. 1955, c. 592, § 3), [4] deals with the taxation of income received by inhabitants of Massachusetts from fiduciaries, principally nonresidents, who are not subject to taxation in Massachusetts. The trustees contend in effect that under G. L. c. 62, §§ 5, 10, and 11, a Massachusetts donor of trust property, held by Massachusetts trustees subject to an unconditionally revocable trust, should be treated as the true owner of the trust income in accordance with "the economic realities of the situation." The trustees further contend that "it is totally unrealistic to keep" (a) the donor's individual losses upon sales of intangible personal property, and (b) the trustees' gains upon such sales "in watertight compartments for tax purposes."

2. Doubtless, the trustees' contentions have reference in part to somewhat different Federal income tax provisions which (by specific language not found in G. L. c. 62) treat the grantor of a fully revocable trust, in large measure at least, as the owner of the trust property and income. See e.g. Int. Rev. Code of 1954, § 676 (a). As we pointed out in *Second Bank–State St. Trust Co.* v. *State Tax*

---

[3] Section 10, as thus amended and as applicable to income received in 1957 (see St. 1957, c. 644, § 5), reads in part: "The income *received by trustees* . . . shall be taxed in the following manner: (a) The income received by trustees . . . described in subsection (c) of this section shall be subject to the taxes imposed by this chapter to the extent that the persons to whom the same is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth . . . . Income received by trustees . . . described in subsection (c) of this section which is accumulated for . . . [certain] unascertained persons . . . shall be taxed as if accumulated for the benefit of a known inhabitant of the commonwealth. . . . (c) The provisions of subsections (a) and (b) of this section shall apply to . . . trustees under a trust created by a person or persons, any one of whom was an inhabitant of the commonwealth at the time of the creation of the trust or at any time during the year for which the income is computed, or who died an inhabitant of the commonwealth, any one of which trustees . . . is an inhabitant of the commonwealth" (emphasis supplied).

[4] Section 11, as thus amended, reads: "Any inhabitant of the Commonwealth who *receives*, is entitled to, or to whom *income* is available *from* one or more *trustees* . . . *who are not subject to taxation under this chapter*, shall be subject to the taxes imposed by this chapter upon such income according to the nature of the income received by such trustees or other fiduciaries, and shall include such income in a return as required by section twenty-two" (emphasis supplied).

Dexter *v.* State Tax Commission.

*Commn.* 337 Mass. 203, 211–212, precedents under the Federal income tax act[5] must be used with caution in construing and applying the substantially different provisions of G. L. c. 62, which has been framed subject to the restrictions of the Forty-fourth Amendment to the Constitution of the Commonwealth. The present cases, of course, must be determined in accordance with the applicable provisions of G. L. c. 62.

The recess commission which framed the Massachusetts income tax (see Res. 1915, c. 134, 1916 House Doc. No. 1700, pp. 51–52) described very fully the method which it proposed for taxing income derived from property held in trust.[6] These principles were carried into St. 1916, c. 269, and now appear in G. L. c. 62, §§ 5, 10, and 11. In the *Second Bank–State St. Trust Co.* case, 337 Mass. 203, 209, we reviewed the decided cases bearing upon the taxation of trust income received by Massachusetts trustees, and said, "The . . . statute taxes income from trust property in the light of the nature of the interest and attributes of the beneficiary, the real person in interest. . . . If income taxable under c. 62 is received by trustees who are subject to

---

[5] Although Federal tax precedents are occasionally useful guides in deciding cases under c. 62 (see e.g. *Allen* v. *State Tax Commn.* 337 Mass. 502, 505–506; cf. *Boston Safe Deposit & Trust Co.* v. *State Tax Commn.* 340 Mass. 250, 258), the history and provisions of the two statutes have varied considerably over the approximately half century they have been in effect.

[6] The recess commission's report said (at pp. 51–52): "Our present practice [obviously referring to the old local property tax upon intangible personal property imposed by St. 1909, c. 490, Part I, §§ 2–4, 23, Fifth; *Cochrane* v. *Commissioner of Corps. & Taxn. ante,* 237, 243] in dealing with property held in trust is illogical and unfair and inexpedient in its practical operation. We undertake to tax all beneficiaries who reside in the Commonwealth, no matter where the trustee resides . . . and then tax all trustees who are inhabitants of the Commonwealth even though some or all of the beneficiaries of the trust reside in other States. . . . Besides being unjust, it is highly inexpedient, because it has prevented inhabitants of Massachusetts from acting as trustees under many trusts the beneficiaries of which resided in other States. . . . The act proposes that the new taxes levied upon income shall be governed by the domicile of the beneficiary and not by that of the trustee. *For administrative convenience it provides that taxable income shall be assessed to the trustee,* but it does not impose a tax upon income from a trust that is payable to inhabitants of other States. In order to carry out consistently the principle of taxing the beneficiary, the act provides that an inhabitant of this Commonwealth receiving income from executors, administrators or trustees who are inhabitants of other States shall return such income for taxation in Massachusetts" (emphasis supplied).

. . . [c. 62] and is distributable to or is accumulated for . . . an inhabitant of Massachusetts or for a person treated by the statute [§ 10, see fn. 3, *supra*] as equivalent to an inhabitant, then . . . § 10 . . . provides for the assessment of tax upon such income *to the trustees,* based on the interest of the beneficiary'' (emphasis supplied). As to Massachusetts trustees under trusts created by inhabitants of Massachusetts, § 10 clearly imposes the tax upon the trustee and not upon the beneficiary. Neither § 10 nor § 5 (see fn. 2, *supra*), which contains in subsection (c) a tax upon the net gains from sales of intangibles realized directly by inhabitants of Massachusetts, includes any provision for offsetting (a) the gains and losses realized directly by an individual trust beneficiary residing in Massachusetts, against (b) the gains and losses realized by a Massachusetts trustee for the benefit of a Massachusetts beneficiary.

A different type of provision (see fn. 6) is made by § 11 (fn. 4, *supra*) with respect to the taxation of income received by inhabitants of Massachusetts from trustees, no one of whom is an inhabitant of Massachusetts. Since the Commonwealth's power to tax cannot readily be asserted against nonresident trustees, § 11 taxes trust income received by such nonresident trustees (a) when distributed to and received by beneficiaries who are inhabitants of Massachusetts (see e.g. *Maguire* v. *Tax Commr.* 230 Mass. 503, 513, affd. sub nom. *Maguire* v. *Trefry,* 253 U. S. 12; *Commissioner of Corps. & Taxn.* v. *Eaton,* 304 Mass. 260, 266–267), or (b) when such income may properly be treated as "constructively received" (see e.g. *State Tax Commn.* v. *Fitts,* 340 Mass. 575, 578–580; *Dewey* v. *State Tax Commn.* 346 Mass. 43, 45–57) by inhabitants of Massachusetts even if not in fact distributed to them.[7] The consequence is that with respect to such trust income received or constructively received by a Massachusetts settlor from a nonresident trustee of a revocable trust, the Massachusetts settlor by

---

[7] Section 11 (fn. 4), as amended by St. 1955, c. 592, § 3 (see the *Fitts* case, 340 Mass. 575, 578), contains language relevant to the principle of constructive receipt not found in § 10 dealing with Massachusetts trustees.

§ 11 is enabled to treat net gains or losses from the sale of intangibles in effect as if they had been realized by him directly and to offset them against such gains and losses realized by him as an individual.

We perceive no improper discrimination in this statutory situation as it may affect the Massachusetts settlor of a revocable trust held by Massachusetts trustees. The reason for the difference of treatment is that it has been deemed by the Legislature (a) convenient in most instances to assess income taxes on trust income (for the benefit of Massachusetts inhabitants) to the trustees if they are clearly subject to the Commonwealth's taxing jurisdiction, and (b) necessary to assess to a Massachusetts beneficiary such taxes on trust income on property held for his benefit by nonresident trustees. If these tax provisions adversely affect the Massachusetts settlor of a revocable trust, he has it in his power, of course, to revoke the trust. We also think that § 10 (fn. 3) directly governs the taxation of net gains realized by taxable Massachusetts trustees, rather than § 5 (c) (see fn. 2, *supra*) which deals, primarily at least, with the taxation of net gains received directly by inhabitants of Massachusetts.

3. We recognize that, in many practical respects and for some purposes, the interest in the trust property of the settlor of a revocable trust is treated as essentially equivalent to outright ownership. See e.g. *Commissioner of Corps. & Taxn.* v. *Ayer,* 323 Mass. 579, 582–583 (basis of gain or loss); *State Tax Commn.* v. *Fitts,* 340 Mass. 575, 579–581; *Boston Safe Deposit & Trust Co.* v. *State Tax Commn.* 346 Mass. 100, 104–106 (basis of gain or loss). See also *Second Bank–State St. Trust Co.* v. *Second Bank–State St. Trust Co.* 335 Mass. 407, 410 (rule against perpetuities). Nevertheless, the legal title to the trust property (and trust income before its distribution) is in the trustee and the transfer in trust is an event of significance until and unless the trust is revoked. *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 474–478. *Second Bank–State St. Trust Co.* v. *Pinion,* 341 Mass. 366, 370–371. Because (1) c. 62, § 10, in explicit terms has provided that a Massa-

chusetts trustee of a trust established by a resident of Massachusetts is to be assessed the income taxes imposed upon income received by the trust, and (2) the statute makes no express provision for a deduction from trust gains (or for a credit against the income tax upon trust gains) by reason of losses incurred by any individual beneficiary or settlor, we think that no such deduction or credit is now allowable. Any arguments that such a deduction or credit would be fair should appropriately be addressed to the Legislature. We must apply the statute as we find it and as it appears to have been applied for many years. See Nichols, Taxation in Massachusetts (3d ed.) 513–518.

*Decision affirmed.*