**Thomas L. SPRINGALL, et al,
Executors
vs.
COMMISSIONER OF REVENUE**

**No. 115085**

Appellate Tax Board
Commonwealth of Massachusetts

**October 25, 1982**

**Terence P. O'Malley, Esq.,** counsel for the appellant
**John J. Tracy, Esq.,** counsel for the appellee

This is an appeal under the formal procedure pursuant to G.L. c. 62C, s. 39, from the refusal of the appellee to abate an income tax assessed pursuant to G.L. c. 62, s. 9 for the taxable year 1976. These findings of fact and report are made pursuant to a request by the appellant under the provisions of G.L. c. 58A, s. 13, and Rule 32 of the Rules of Practice and Procedure of the Appellate Tax Board.

**FINDINGS OF FACT AND REPORT**

The appellants were appointed executors by a Massachusetts Probate Court under the will of Cyrus F. Springall, a resident decedent. The estate received dividends and interest income in calendar year 1976 in the amount of $7,513.89.

On September 6, 1979, the appellee, after issuing a notice of intention to assess

additional taxes on May 3, 1979, assessed the estate an additional tax on income. The appellants filed an application for abatement on September 19, 1979 which appellee denied on January 27, 1981, and the appellants filed a timely appeal on March 6, 1981 with this Board. The tax, with interest, amounted to $882.93.

Under the residuary clause of decedent's will, Article IX, the residue of his estate was given to trustees under an inter vivos trust created while the decedent was a Massachusetts resident and of which the appellants were also the trustees. One of the two trustees was a Massachusetts resident.

Pursuant to the trust, Article IV (1) and V (1), the donor's wife, Marjorie L. Srpringall was domiciled in Connecticut in 1976. The parties' stipulation recited the following:

"5. The income received by the estate of Cyrus F. Springall during the tax year 1976 and transferred to Trustees of the Springall Trust was distributed in accordance with the terms of Article IX of Exhibit B, and Articles IV (1) and V (1) of Exhibit A, to Marjorie L. Springall."

The reason assigned by the appellee for the assessment of additional taxes was "Income received by Massachusetts trust is taxable even though the beneficiary of the trust is a non-resident." However, the reasons assigned for the denial of the application for abatement were:

"1. The estate is a taxable entity, subject to income taxation per Massachusetts General Laws, Chapter 62, Section 9.

2. The residuary beneficiary of the estate is a Massachusetts inter vivos trust, and as such is a separate taxable entity subject to income taxation under Massachusetts General Laws, Chapter 62, Section 10.

3. Estate income is accumulated for or payable to a Massachusetts

inter vivos trust and as such is fully taxable."

The Board agreed with the appellee and gave a decision accordingly against the appellant.

## OPINION

The only issue in this case is whether the estate which received income payable to a Massachusetts trust by whose terms the income is payable to a non-resident is subject to an income tax.

G.L. c. 62, as amended, and applicable to this case, provides in part:

"**Section 9** . . . The income received by the estates of deceased residents shall be subject to all the taxes imposed by this chapter to the extent that the persons to whom such income is payable, or for whose benefit it is accumulated are residents of the commonwealth . . ."

"**Section 10** . . . The income received by trustees or other fiduciaries shall be taxed in the following manner: (a) The income received by trustees or other fiduciaries described in subsection (c) of this section shall be subject to the taxes imposed by this chapter to the extent the persons to whom the same is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth; . . .

(c) The provisions of subsection (a) and (b) of this section shall apply to guardians and conservators appointed by a Massachusetts court; trustees under the will of a person who died an inhabitant of the commonwealth; and trustees under a trust created by a person or persons one of whom was an inhabitant of the commonwealth at the time of the creation of the trust or at any time during the year for which the income is computed, or who died an inhabitant of the commonwealth, any one of which trustees or other

fiduciaries is an inhabitant of the commonwealth;''

The appellants argue that the taxes assessed to the executor under G.L. c. 62, s. 9, are provided only as a matter of convenience for tax administration. They conclude that the true basis for the liability is the residence of the ultimate beneficiary under the trust. There is, of course, no dispute among the parties that the ultimate beneficiary, Marjorie L. Springall, was not a Massachusetts resident.

It is apparent, then, that it is the appellants' position that for tax purposes no notice should be taken of the fact that the estate and the trust are two separate identities.

On the other hand, the appellee insists on the essential and fundamental difference between the estate and the executors thereof who are appointed by a court and an inter vivos trust which was created years before his death by the decedent. The appellee admits that the trustees are not taxable. The appellee would not attempt to tax the trustees upon their receipt of the income because the appellee acknowledges that the beneficiary, being a non-resident, would exempt the trustees from the payment of any tax. The appellee thus stresses the fact that the tax here is being imposed upon the executors of the estate.

The reasoning is that since the trust was a Massachusetts trust having been created by a Massachusetts resident during his life and with one trustee as a Massachusetts resident, that this is a Massachusetts trust under the provisions of G.L. c. 62, s. 10(c).

This distinction between the individuality of the estate on the one hand and an inter vivos trust on the other, is recognized both by the Internal Revenue Code and our law under c. 62.

That our Supreme Judicial Court has not only recognized but has stressed the separate existence of a trust for purposes of taxation is exemplified by the Court's statement in **Dexter v. State Tax Commission,** 350 Mass. 380 (1966) wherein a beneficiary sought to disregard

the separate existence of the trust because of the ''economic realities of the situation.'' In that case the Court said at p. 385, ''Nevertheless, the legal title to the trust property (and trust income before its distribution) is in the trustee and the transfer in trust is an event of significance until and unless the trust is revoked. **National Shawmut Bank v. Joy,** 315 Mass. 457, 474-478. **Second Bank-State Street Trust Co. y. Pinion,** 341 Mass. 366, 370 and 371.'' The Board is of the opinion that the same approach should be taken as to the separate existence of the executors.

Administratively, the vast difference between the nature and function of an executor and a trustee is reflected in the information required from each in the returns and forms they must file. There is no showing in this case that the property out of which the income issued was ever transferred to the trustees at the pertinent time involved in this case. Significant periods of time might have passed before title to the property was actually transferred to the trustees and under the executors' broad powers many changes in the assets might have occurred. No evidence concerning this matter was introduced by the appellants although the burden of proof rests with them.

**Newhall, The Settlement of Estates,** 3rd Edition, section 86, page 16 says in part:

''. . . the title is in the executor or administrator, and he must make a formal transfer before it can rest in a legatee or heir. This is a very important rule to be kept in mind, as executors and administrators frequently neglect to make the necessary transfers. The rule applies even though the executor or administrator is himself the legatee or heir. Where the executor is also the trustee, certain other formalities are required in order that the transfer to himself as trustee shall be complete.''

At no point do the executors allege that any part of the testamentary assets had been transferred to the trustees to become part of the res under the control of the

trustees. The filing of the fiduciary income tax return for 1976 by the appellant-executors indicates that the income was received by them in that capacity. We feel that the Commissioner is not required to assume the burden of tracking down these receipts to determine in whom they will eventually vest.

The written stipulation filed by the parties merely attests to the authenticity of the copies of the will and the trust and to the agreement of the domicile of Marjorie L. Springall. The vagueness of this stipulation leaves the Board in doubt as to what actually happened as between the executors and the trustees concerning their practice of transferring property in these two capacities.

The chance circumstance that the executors under the will also happen to be trustees under the trust in no way alters the individual existence of the two entities either under general principles of law or for the purposes of taxation.

The Board was convinced that no such amalgamation of the estate and the trust for tax purposes was intended by the legislature. Therefore, in reading section 9, the Board is of the opinion that the income received by this estate was, in effect, payable or accumulated for persons who are residents of the Commonwealth. On that interpretation of section 9, the appellants were clearly subject to the tax imposed by the appellee.

Our decision for the appellee was promulgated January 22, 1982.

**APPELLATE TAX BOARD**
**By John P. Mulvihill, Chairman**
A True Copy,
**Attest: Richard B. Willis**
**Clerk of the Board**