THOMAS L. SPRINGALL & another, executors,[1] vs.
COMMISSIONER OF REVENUE.

Suffolk.   December 5, 1983. — January 31, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Taxation,* Income tax. *Executor and Administrator,* Taxation.

Income received by the executors of the estate of a Massachusetts resident,
which was payable to the trustees of an inter vivos trust created by the
testator, and in turn payable by them to a nonresident, was not subject
to Massachusetts income tax. [24-26]

APPEAL from a decision of the Appellate Tax Board.
*Arthur O. Ricci (Michael J. Hudson* with him) for the
plaintiffs.
*Joan C. Stoddard,* Assistant Attorney General, for the
defendant.
*Wilson C. Piper & Pamela M. Delphey,* for Henry W.
Kendall & another, amici curiae, submitted a brief.
*Frederic G. Corneel, Philip H. Suter & Roger A. Green-
baum,* for Massachusetts Bankers Association, amicus cur-
iae, submitted a brief.
WILKINS, J.   We hold that income received by the plain-
tiffs, executors of the estate of Cyrus F. Springall, payable to
trustees under an inter vivos trust created by Springall, and
in turn payable by the trustees to a nonresident, is not subject
to Massachusetts income tax.   We reverse the decision of the
Appellate Tax Board (board) which upheld the assessment of
a tax on the income of the estate and remand the case for
entry of a decision granting an abatement of the tax.
     In May, 1973, Springall, a resident of Massachusetts, cre-
ated an inter vivos trust in which he named as trustees his

---

[1] Carlton W. Spencer.

son, a resident of Connecticut, and the plaintiff, Mr. Carlton W. Spencer, a Massachusetts resident. Under the trust provisions, at Springall's death, which occurred in February, 1975, the net income of the property held in trust became payable absolutely to Springall's widow. In July, 1975, his widow became a resident of Connecticut. Under Springall's will, of which his son and Mr. Spencer are also the executors, the residue of his estate, including any accumulated income, is to be paid to the trustees of the inter vivos trust.

At issue here is the taxability to the estate of about $7,500 of nonbusiness income received by the executors in 1976, payable to the trustees of the inter vivos trust, and by them in turn to Springall's widow, a resident of Connecticut. It is agreed that the trustees have distributed to Springall's widow whatever 1976 income they received. Although the record is unclear on the point, it is not important to our decision whether during 1976 the estate's 1976 net income was distributed in whole or in part to the trustees of the inter vivos trust.

The Commissioner of Revenue (Commissioner) assessed a tax on the estate's 1976 income and denied the executors' application for an abatement. The Commissioner's position was and is that the estate is a taxable entity; that the residuary beneficiary is the Massachusetts inter vivos trust, a separate taxable entity; and that, therefore, the estate income was payable not to a nonresident but to a Massachusetts inter vivos trust. On the executors' timely appeal, the board agreed with the Commissioner.

The basic issue in the executors' appeal from the board's decision is the meaning of G. L. c. 62, § 9, as amended through St. 1966, c. 698, § 15, which provides in part that "income received by the estates of deceased residents shall be subject to all the taxes imposed by this chapter to the extent that the persons to whom such income is payable, or for whose benefit it is accumulated are residents of the commonwealth." The board regarded the income received by the estate and payable to the inter vivos trust as income "payable or accumulated for persons who are residents of

the commonwealth." We conclude that the legislative intent was to base the taxability of the income of an estate on the residence of the individual or individuals to whom the income is ultimately payable and that an intermediate Massachusetts trust, acting as a conduit, is not a "resident" of the Commonwealth for the purposes of G. L. c. 62, § 9. This view is supported by statute, by regulations of the Department of Revenue, and by our decisions.

The words "resident" and "inhabitant" in the income tax statute mean "any natural person domiciled in the commonwealth." G. L. c. 62, § 1 (f), as appearing in St. 1973, c. 723, § 2. An inter vivos trust, although a "Massachusetts trust" (G. L. c. 62, § 10 [c]) and a separate taxable entity, is not a "natural person." The fact that one of the trustees is a natural person and a Massachusetts resident is irrelevant.[2]

Regulations of the Department of Revenue, not mentioned by the board and apparently not brought to its attention, support our conclusion. Estates are to be treated substantially the same as trusts are treated under 830 Code Mass. Regs. 9.01 through 9.03 (1979). See 830 Code Mass. Regs. 9.04 (1979). Section 9.02, concerned with the method of taxation of trusts, states that "[a]lthough in Massachusetts the trust and not the beneficiary is the taxpayer, actual tax liability is controlled by the status of the beneficiary." 830 Code Mass. Regs. 9.02 (1) (1979). Significantly, the regulations provide for the treatment of trust income payable to or accumulated for another trust. "[T]he incidence of taxation is to be determined by the character of the beneficiaries of the latter trust." 830 Code Mass. Regs. 9.02 (2) (i) (1979). A respected treatise on Massachusetts tax law observes: "Income payable by one estate or trust to another estate or trust is understood currently to be treated by the Income Tax Bureau as paid to the beneficiaries of the recipi-

---

[2] Surely, the Legislature did not intend to treat a trust differently for the purposes of G. L. c. 62, § 9, depending on whether a fiduciary was a natural person or a corporation.

We imply no view on the taxability of estate income ultimately and beneficially payable to a corporation.

ent estate or trust, in determining whether it is payable to Massachusetts inhabitants." R. Barrett & A. Bailey, Taxation § 607 n.23 (2d ed. 1970).

Our decisions have recognized the residential status of the natural person who is the ultimate recipient of income, even though a trust or estate acts as an intermediary between the alleged taxable fiduciary and the ultimate beneficiary. In *Second Bank-State St. Trust Co.* v. *State Tax Comm'n,* 337 Mass. 203 (1958), this court noted that a tax on any capital gain on the proceeds of the sale of securities, received by a trust and payable to the estates of three sisters, would depend on the residence of the real persons in interest, the ultimate recipients of those proceeds from the sisters' estates. *Id.* at 209. "The taxability of the gains, if any, upon these sales, therefore, depends in each instance upon whether the ultimate beneficiary (here an ascertained person) is an inhabitant of Massachusetts." *Id.* This principle underlies this court's discussion of the issues presented in *Commissioner of Corps. & Taxation* v. *Baker,* 303 Mass. 606 (1939).

The decision of the Appellate Tax Board is reversed. A decision shall be entered granting the abatement.

*So ordered.*