HOWARD S. WHITESIDE & another,[1] trustees, *vs.*
COMMISSIONER OF REVENUE.

Suffolk. January 9, 1985. — March 6, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Taxation*, Trust, Income Tax. *Trust*, Income tax.

Trustees who received royalty income from an oil and gas lease of property
in California and who distributed a portion of that income to a Mas-
sachusetts beneficiary were not entitled under G. L. c. 62, § 6 (*a*), to
offset the trust's Massachusetts income tax by a credit reflecting the
Massachusetts beneficiary's payment of California income tax. [207-208]

APPEAL from a decision of the Appellate Tax Board.

*Alexander Whiteside (Howard S. Whiteside* with him) for
the plaintiffs.

*Madeline Mirabito Becker*, Assistant Attorney General, for
the Commissioner of Revenue.

WILKINS, J. The appellant trustees claim that under G. L.
c. 62, § 6 (*a*), they were entitled to a credit against the Mas-
sachusetts income taxes they paid on income distributed to a
Massachusetts beneficiary because the beneficiary paid a tax
to California on certain of the distributed income. The Commis-
sioner of Revenue (commissioner) and the Appellate Tax Board
(board) rejected this argument. We affirm the board's decision.

The appellants are trustees of a testamentary trust which has
an interest in an oil and gas lease of property in California.
During 1979, the trustees received royalty income from that
investment. The trustees retained a portion of that income as
trust principal, paid a California income tax on that portion,
and were allowed a credit for that payment in determining the
trust's Massachusetts income tax. The trustees made a distribu-

---

[1] Roland Gray, Jr.

tion to a Massachusetts beneficiary of a portion of the California royalty income. The beneficiary paid a California income tax on the amount distributed to him. The trustees claimed a credit for the full amount of the Massachusetts tax imposed on the California royalty income (which was less than the total California income tax paid by the trust and the beneficiary). The commissioner made an additional assessment. The trustees filed an application for abatement which was denied, and the trustees appealed to the board. The dispute here concerns the trustees' right to offset the trust's Massachusetts income tax by a credit reflecting the Massachusetts beneficiary's payment of California income tax.

General Laws c. 62, § 6 (a), as appearing in St. 1973, c. 723, § 2, provides that "[a] credit shall be allowed against taxes imposed by this chapter to a resident for taxes due any other state . . . on acount of any item of Massachusetts gross income . . . ." This section does not state explicitly that a credit is allowed only as to taxes paid to another State by the taxpayer. The trustees argue that the beneficiary's income tax payment to California provides the trust with a credit beyond the credit for income tax paid to California by the trustees themselves. In effect, the trustees argue that the trust and the beneficiary should be treated as one for the purposes of determining the credit allowed to the trust for California income taxes paid. In spite of the trustees' contentions to the contrary, no regulation of the commissioner resolves the question in their favor.

This court has recognized the separate tax treatment that should be given to a trust and a beneficiary (or settlor) of that trust. In Dexter v. State Tax Comm'n, 350 Mass. 380 (1966), the trustees of a revocable inter vivos trust unsuccessfully sought to have their capital gains treated as income of the settlor, thus allowing the settlor to offset a capital loss against the trust's capital gain. This court noted that G. L. c. 62, § 10, provided that a trust (established by a Massachusetts resident) should be assessed an income tax on its income and that the statute made no express provision for a deduction from, or credit against, trust gains by reason of a beneficiary's or set-

tlor's losses and denied a deduction to the trustees. *Id*. at 385-386. "Any arguments that such a deduction or credit would be fair should appropriately be addressed to the Legislature. We must apply the statute as we find it and as it appears to have been applied for many years." *Id*. at 386.[2] We follow the reasoning of the *Dexter* case, treating the trust and its beneficiaries as separate taxable entities. The trust in this case is not a "mere conduit." There is nothing contrary to this view in *Commissioner of Revenue* v. *Plymouth Home Nat'l Bank, ante* 66, 68 (1985), or in *Springall* v. *Commissioner of Revenue*, 391 Mass. 23 (1984), which involved the taxability of income distributed or to be distributed to trust beneficiaries.[3]

> *Decision of the Appellate Tax*
> *Board affirmed.*

---

[2] In 1976, the Legislature did make changes in G. L. c. 62, § 10. See St. 1976, c. 510, § 1.

[3] The right of the beneficiary in calculating his Massachusetts income tax to take a credit in some amount for the California income taxes he paid is not presented in this case.