COMMISSIONER OF REVENUE *vs.* EDMUND J. CHINCHILLO
& another.[1]

Suffolk. December 7, 1993. - March 8, 1994.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Taxation,* Income tax, Installment transactions, Nonresident. *Due Process of law,* Taxation.

Where taxpayers made an "installment sale" of certain real property under 26 U.S.C. § 453 (b) (1988) and elected the installment method of paying Federal income tax on the capital gain realized, but, for Massachusetts tax purposes elected under G. L. c. 62, § 63 (*e*), to report and pay tax on the entire gain in the year of receipt, § 63 (*e*) afforded the taxpayers no exemption from Massachusetts income tax on the interest they received in subsequent years on the purchase money mortgage note. [220-224]

As matter of Federal constitutional law, Massachusetts was entitled to tax interest income received by a nonresident on an installment note received toward payment of the purchase price for Massachusetts real estate, irrespective of whether the taxpayers chose to pay Massachusetts tax on the entire gain in the year of sale, rather than to elect installment treatment of the gain. [224-225]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert J. Munnelly, Jr.,* Assistant Attorney General, for the Commissioner of Revenue.

*Mitchell A. Hipsman,* of Florida, for the taxpayers.

WILKINS, J. In December, 1982, Edmund and Rosemarie Chinchillo (taxpayers), residents of Florida, sold real estate in Revere for $725,000. They took a note, secured by a mortgage on the real estate, in payment of all but $25,000 of the

---

[1]Rosemarie Chinchillo.

purchase price. The note provided that principal and interest on the outstanding debt would be payable in monthly installments over the following twelve years. The taxpayers realized capital gain from the sale. Because the sale was an "installment sale" under 26 U.S.C. § 453 (b) (1988), the taxpayers were entitled to and did elect, for Federal income tax purposes, to pay the tax on the gain on the installment method. See 26 U.S.C. § 453 (d) (1988), by which an installment seller may elect out of the installment method of reporting gain. For Massachusetts tax purposes, however, the taxpayers were entitled to and did elect under G. L. c. 62, § 63 (*e*) (1992 ed.), to report and pay the entire tax on the gain in their 1982 nonresident Massachusetts income tax return.

This case presents the question whether the taxpayers must pay Massachusetts income taxes on the interest that they have received on the purchase money mortgage note. When the Commissioner of Revenue (commissioner) asserted that the interest income was not exempt from taxation, the taxpayers took the question (as to the years 1983-1986) to the Appellate Tax Board (board) which agreed with the taxpayers. The commissioner appealed, and we transferred the appeal here. We first decide that no statute exempts that interest income from Massachusetts income tax. We then consider, and reject, the taxpayers' further argument that, under the Fourteenth Amendment to the Constitution of the United States, it is constitutionally impermissible for Massachusetts to tax the interest income earned by these nonresident taxpayers. We, therefore, reverse the board's decision and remand the matter for further action consistent with this opinion.

1. The question whether a seller who makes an "installment sale" of property (see 26 U.S.C. § 453 [b]) may avoid Massachusetts income taxation on interest income earned in a subsequent year on a note given by the purchaser is not of minor significance. The answer involves resident sellers as well as nonresident sellers, such as the taxpayers. We know that such interest income is taxable in Massachusetts when an installment method seller elects under G. L. c. 62, § 63

(*d*) (1992 ed.), to be taxed by Massachusetts on the installment method. *Horst* v. *Commissioner of Revenue*, 389 Mass. 177, 179-180 (1983). On the taxpayers' reasoning, an installment sale seller could create tax-exempt interest income simply by making the opposite election, that is, by electing to treat the gain as taxable for Massachusetts tax purposes in the year of the sale.

The taxpayers' argument, and the board's decision in their favor, rests on the conclusion that the last sentence of § 63 (*e*) mandates that installment payments of interest received by the taxpayers must be deducted from Federal gross income when calculating Massachusetts gross income. Pursuant to G. L. c. 62, § 2 (1992 ed.), Federal gross income with adjustments not relevant here is the measure of Massachusetts gross income. Section 63 (*e*), which is set forth in full in the margin,[2] presents one of two options available to an installment transaction seller. G. L. c. 62, § 63 (*c*) (1992 ed.). Such a seller who wants to have the entire gain taxed in the year of sale for Massachusetts tax purposes and who has taken an opposite position for Federal tax purposes should make a § 63 (*e*) election for the taxable year of the sale.[3] If that is done, for the purposes of Massachusetts taxation, the taxpayer's Federal gross income (and hence Massachusetts gross income) will be "modified" (i.e., increased) to eliminate the exclusion from gross income that § 453 of the Internal Revenue Code permits because of the taxpayer's election of

---

[2]Section 63 (*e*), which has not been amended since it was inserted by St. 1973, c. 723, § 11, reads as follows: "(*e*) If installment transaction treatment under this paragraph is elected for any taxable year the federal gross income of such taxable year shall be further modified, for the purpose of applying section two by eliminating the effect of the treatment under section four hundred and fifty-three of the Code of all installment transactions of such taxable year. For each subsequent taxable year as to which an item of federal gross income is includable by any person with respect to such an installment transaction, the federal gross income of such person shall be modified, for purposes of applying section two, by reducing federal gross income by the sum of all such items."

[3]Section 63 (*d*), with which we were concerned in *Horst* v. *Commissioner of Revenue*, 389 Mass. 177 (1983), provides the option to pay tax on the gain on the installment method.

installment treatment for Federal tax purposes. This result is prescribed by the first sentence of § 63 (*e*), which is silent about the taxability of interest income received on any installment sale debt in the year of the sale. Any such interest received in that year would be part of Federal gross income (26 U.S.C. § 61 [a] [4] [1988]) and hence would be included in Massachusetts gross income. See G. L. c. 62, § 2.

Section 63 (*e*) goes on to deal with "each subsequent taxable year as to which an item of federal gross income is includable" in an installment seller's Federal gross income "with respect to such an installment transaction." It directs that the taxpayer's Federal gross income shall be modified, for the purposes of G. L. c. 62, § 2, "by reducing federal gross income by the sum of all such items." Certainly this language directs that installment gains to be taxed Federally in such a year not be taxed again in that year in Massachusetts where the tax has already been paid on the entire gain. The taxpayers see something more in the statutory direction to reduce Federal gross income by "all such items." They argue that "such items" also include interest income arising from the note given toward payment of the purchase price. They say that the antecedent of "such items" is any "item of federal gross income," includible in Federal gross income "with respect to such an installment transaction" and that interest on the taxpayers' mortgage note is income includible with respect to the installment transaction.

The meaning of this asserted exemption from taxation is unclear.[4] In context there is no reason to deal with interest income in § 63 (*e*). The subject that needs attention is the gain included in Federal gross income for the taxable year and which must be eliminated in calculating Massachusetts gross income for the same year. Interest income, paid on installment debt, takes care of itself for tax purposes. It is taxable for Federal and State tax purposes quite apart from 26

---

[4]Contrary to the board's ruling, where, as here, ambiguous language is asserted as an exemption from taxation, ambiguities are not construed against the commissioner. See *State Tax Comm'n* v. *Blinder*, 336 Mass. 698, 703 (1958).

U.S.C. § 453 and G. L. c. 62, § 63. There is, therefore, no reason or logic warranting our construing the quoted language as reaching out to deal with interest income. We, therefore, conclude that the taxpayers' interest income is not an item "includable [in Federal gross income] with respect to such an installment transaction."

It is not irrelevant in seeking to resolve the uncertainty in § 63 (*e*) to inquire why the Legislature would exempt from income taxation interest earned on a note given as consideration for the sale of property at a gain only if the seller elects to pay the entire Massachusetts tax on the gain in the year of the sale. We see no logical reason for the Legislature to prescribe that result, treating interest income differently depending on the election that the taxpayer makes under § 63. And, of course, interest on a note given in connection with a purchase money mortgage would be taxable if the property were sold at a loss.

The Legislature enacted G. L. c. 62, § 63, to deal with the timing of the taxation of any gain from the sale of property in an installment sale. See *Dogon* v. *State Tax Comm'n*, 370 Mass. 699, 702 (1976). It granted installment sellers the option of paying the tax on the gain either "up front" or annually in proportion to the amount of the gain recognized in the particular tax year. Section 63 concerns the timing of tax payments and does not concern in any significant way for our present purposes the taxability of an item of income. Similarly, the cognate Internal Revenue Code provision concerns the timing of the taxability of "the gross profit" from an "installment sale" (26 U.S.C. § 453 [c]), not the taxability of interest income received by an installment seller on the debt incurred. See 26 C.F.R. § 1.453-3 (b) (2) example 2 (1993) (observing that interest received on an installment obligation is included in gross income). In our view, § 63 says nothing about the exemption of interest income from taxation.

The illogic of the taxpayers' position is further shown by another circumstance. By their reliance only on the second sentence of § 63 (*e*), which concerns taxable years after the year of sale, the taxpayers implicitly concede that any inter-

est received on installment sale debt in the year of sale is taxable. The first sentence of § 63 (*e*) concerning the year of the sale has no language that could be read to exempt interest income realized in that year from taxation.[5] It makes no practical sense, and we do not attribute to the Legislature an intention, to differentiate for tax purposes between interest earned in the year of sale and interest earned in subsequent years, a result which is inherent in the taxpayers' argument.[6]

2. In *Horst* v. *Commissioner of Revenue*, 389 Mass. 177, 182-183 (1983), we rejected the taxpayer's argument that Massachusetts could not constitutionally tax interest income received by a nonresident on an installment note received toward payment of the purchase price for the sale of Massachusetts real estate. In this case the taxpayers, unlike Horst, have a mortgage on Massachusetts real estate to secure the debt. The benefit and protection that the law of the Commonwealth extends to the taxpayers is sufficient to justify the tax on the taxpayers' interest income. The fact that the taxpayers chose to pay the Massachusetts tax on the entire gain in the year of sale rather than to elect installment treatment of the gain makes no difference in the constitutional sense.

---

[5]Because the taxpayers had no 1982 interest income from their installment sale made in December, 1982, the issue of interest income realized in the year of sale is not highlighted on the facts of this case.

[6]The board's opinion states that language in our opinion in *Horst* v. *Commissioner of Revenue*, 389 Mass. 177 (1983), requires the conclusion that it reached. The *Horst* case concerned § 63 (*d*), which, unlike § 63 (*e*), refers (in conjunction with G. L. c. 62, § 5A [1992 ed.]) to the matter of the taxation of out-of-State sellers ("All items of federal gross income arising from such installment transactions shall be deemed to be income from sources within the commonwealth"). Our holding in the *Horst* opinion that interest on installment sale debt was "income arising from [an] installment transaction[ ]" (*id.* at 179-180) does not answer the question whether such interest is "income . . . includable . . . with respect to . . . an installment transaction." In our view, the income that is includible with respect to an installment transaction is the gain. Interest, on the other hand, is includible without regard to whether there was an installment transaction. In our *Horst* opinion, we noted that the terms of § 63 (*d*) and § 63 (*e*) differ distinctly (*Horst* v. *Commissioner of Revenue, supra* at 180 n.3) and rejected an argument by the taxpayer that there was a strong analogy between the two provisions.

The views of the Supreme Court on the limitations of the Fourteenth Amendment on the taxation of nonresidents have not changed to the taxpayers' benefit since our *Horst* opinion. See *Allied-Signal, Inc.* v. *Director, Div. of Taxation,* 504 U.S. 768, 778-779 (1992); *Quill Corp.* v. *North Dakota,* 504 U.S. 298, 305-306 (1992).

*Decision of the Appellate*
*Tax Board reversed.*