Bohn, J.
On March 10 and April 12, 2000, this matter was before the Court for hearing on the motion of the plaintiff for summary judgment. In his motion, the plaintiff argues that a judgment should enter declaring that monies amounting to $22,388.52, held in escrow due to the Massachusetts tax lien imposed by the Department of Revenue (“DOR”), should be disbursed to him. According to the plaintiff, the DOR should not have assessed any tax against him for the years he was not domiciled in the Commonwealth; the imposition of the tax lien was improper since it attached to after -acquired property; and, even if that lien was properly imposed, the time for enforcement of the lien has expired pursuant to statute and, accordingly, it is null and void as a matter of law.
The defendant Commissioner opposes plaintiffs motion for summary judgment, arguing that, pursuant to G.L.c. 62C, §41, the abatement process at the DOR and subsequent appeal to the Appellate Tax Board, as set forth in G.L.c. 62C, §§37 and 39, constitute the sole and exclusive remedy for any tax dispute with the DOR and that, therefore, this Court lacks subject matter jurisdiction to adjudicate the underlying tax claim and the enforceability of the tax lien; that the lien properly attached to the plaintiffs property when they acquired it; and that the lien is still enforceable by agreement of the parties.
For the following reasons, the plaintiff s motion will be DENIED.
BACKGROUND
The undisputed facts, viewed in the light most favorable to the defendant, are as follows.
Some years ago, the plaintiff and his wife (now deceased) lived in Southbridge, Worcester County and were domiciled in the Commonwealth of Massachusetts. In 1980, they moved to Belgium and, consequently, discontinued filing Massachusetts income tax returns. In 1988, they returned to the United States and took up residence in the state of Connecticut. They continued to live in that state although, as noted in footnote 1, Billie K. Luchini is now deceased.
After the plaintiffs returned to the United States, the DOR asserted a claim against them for income taxes due for the years 1980 through 1988. The plaintiffs refused to pay the claim on the basis that they were not residents of Massachusetts during those years. In November of 1992, however, upon advice of *743 a tax accountant, the plaintiffs filed income tax returns for the years at issue. Although the tax returns indicated that the plaintiffs owed income tax,[2] the plaintiffs did not pay those taxes.
On October 15, 1992 and November 4, 1992, the DOR issued assessments against the plaintiffs for tax, interest, and penalties in the amount of $41,822.70, for the years 1980 through 1988. The plaintiffs filed a request for abatement with the Commissioner of the DOR, but the abatement was denied. The plaintiffs did not appeal the denial to the Appellate Tax Board. Moreover, on the advice of counsel, the plaintiffs did not pay the assessment.
On or about April 7, 1993, the DOR filed notice of a tax lien against the plaintiffs for all property and rights to property located in Worcester County. That lien was recorded in the Worcester Registry of Deeds.[3] At the time of such recording, however, the plaintiffs did not own property in the Commonwealth.[4] On September 8, 1994, plaintiff Charles Luchini’s mother deeded to Charles and his three siblings a parcel of land located at 7 Dominick Street, Milford.[5] It appears that once the plaintiff acquired the Milford property, the tax lien attached to that property. In February of 1998, when the plaintiff and his siblings attempted to sell the Milford property, the closing was delayed by the DOR’s lien.
In March of 1998, the plaintiffs filed their complaint in the Superior Court seeking an order to compel the DOR to release the lien it had placed upon the property. In their complaint, the plaintiffs asserted that they were not obligated to pay taxes, interest, or penalties on income earned during years they were not domiciled in the Commonwealth; that, for that reason, the lien on the Milford property was null and void and did not constitute a valid lien; and, that the refusal of the DOR to release the lien constituted an unreasonable and unlawful action. Subsequently, the parties agreed that an order would enter from this court (Fecteau, J.) whereby the DOR would release the lien as of April 1, 1998; sale of the property would be allowed to proceed; and the plaintiffs’ counsel would hold the plaintiffs’ share of the proceeds from the sale in escrow, pending disposition of the underlying issues.[6] The plaintiff then filed the within motion arguing that the time for enforcement of the lien had expired and the money held in escrow should be disbursed to him.
DISCUSSION
In his motion for summary judgment, the plaintiff first argues that he should not have been assessed taxes for the years he was not domiciled in Massachusetts, to wit, 1980 through 1988. Second, the plaintiff argues that even if the taxes were properly assessed, the lien on the Milford property is invalid because it attached to after-acquired property. Third, the plaintiff argues that even if the taxes were lawfully assessed and the hen validly imposed, the time for enforcement of the lien has expired. Based on those arguments, the plaintiff seeks a declaratory judgment that the tax is not collectable and requests this Court to order the monies held in escrow disbursed to him.
The DOR opposes the plaintiffs motion, arguing that the plaintiff failed to pursue his administrative remedy of appealing the abatement denial to the Appellate Tax Board such that this Court lacks subject • matter jurisdiction over this dispute. In the alternative, the DOR argues that it can lawfully attach after-acquired property such that the lien was validly imposed, and that the lien is still enforceable.
A. Summary Judgment Standard
This Court grants summary judgment only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’ r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue “even if he would have no burden on an issue if the case were to go to trial.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), citing Attorney Gen. v. Bailey, 386 Mass. 367, 371, cert. denied sub nom. Bailey v. Bellotti, 459 U.S. 970 (1982). Once the moving party establishes the absence of a triable issue, the non-moving party must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
B. The Question of Subject Matter Jurisdiction Over the Validity of the Initial Assessment
As a general rule, where an administrative procedure is available, courts will “require a party seeking declaratory relief first to exhaust the opportunities for an administrative remedy.” Space Bldg. Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992), citing Villages Dev. Co. v. Secretary of the Executive Office of Envtl. Affairs 410 Mass. 100, 106 (1991); East Chop Tennis Club v. Massachusetts Comm’n Against Discrimination, 364 Mass. 444, 450 (1973). As recognized in Space Bldg. Corp., the remedies of G.L.c. 62C, §§37-40 have been deemed the exclusive remedies in abatement proceedings, “whether or not the tax is wholly illegal." Space Bldg. Corp., 413 Mass. at 448; G.L.c. 62C, §41.[7] A court is not authorized to order an abatement which is foreclosed by a taxpayer’s failure to pursue available, adequate administrative remedies. See Curran v. Comm'r of Revenue, 23 Mass.App.Ct. 965, 966 (1987); Leonardi v. State Tax Commn., 355 Mass. 454, 459 (1969).
A declaratory action in the tax field, however, “is not ousted merely by the fact that the taxpayer has an administrative path to relief . . ., the judge in such a case may still exercise a discretion as to whether the action should be entertained.” Space Bldg. Corp., 413 *744 Mass. at 448, quoting Sydney v. Commissioner of Corps. & Taxation, 371 Mass. 289, 293 (1976); see also DiStefano v. Commissioner of Revenue, 394 Mass. 315, 319(1985). Exceptions to the rule of requiring exhaustion can be found when an administrative remedy is seriously inadequate, when “important, novel, or recurrent issues are at stake, when the decision has public significance, or when the case reduces to a question of law.” Space Bldg. Corp., 413 Mass. at 448, citing Sydney, 371 Mass. at 294-95.
In this case, the plaintiffs, as aggrieved persons, applied to the Commissioner of the DOR for an abatement of the tax assessed, pursuant to G.L.c. 62C, §37. The Commissioner had the authority to declare the tax entirely illegal or excessive in amount. See G.L.c. 62C, §37. In the plaintiffs’ case, however, the Commissioner denied the request for abatement. At that point, the plaintiffs’ administrative remedy was to appeal the refusal of the Commissioner to abate the tax, to the Appellate Tax Board, pursuant to G.L.c. 62C, §39. The plaintiffs, however, failed to pursue that administrative remedy and now appear to be time-barred from doing so. G.L.c. 62C, §39.
Here, the Court will not exercise subject matter jurisdiction over the question of the propriety of the initial assessment since this case does not display the characteristics that would justify a decision to excuse a litigant’s failure to exhaust administrative remedies, i.e., it does not involve an important, novel, or recurrent issue. See Space Bldg. Corp., 413 Mass. at 448. Furthermore, this case cannot be reduced to a question of law regarding the tax liability of non-residents, since there are questions of fact as to whether the plaintiffs were non-residents during the relevant time period, the amount of gross income they received or accrued, and the significance of both.[8] Such questions of fact are of the type the Appellate Tax Board is accustomed to addressing. See, e.g., Comm’r of Revenue v. Chinchillo, 417 Mass. 219 (1994) (Appellate Tax Board held that nonresident taxpayers need not pay tax on interest income received on purchase money mortgage note; reversed by Supreme Judicial Court); Springall v. Comm’r of Revenue, 391 Mass. 23 (1984) (Appellate Tax Board upheld assessment of tax on income received by executors of an estate, payable to trustees, and in turn, payable to nonresident; reversed by Supreme Judicial Court).
Because the plaintiff appears to be time-barred from appealing the validity of the initial assessment and because this Court will not exercise subject matter jurisdiction over that issue, the tax assessment must stand.
C. The Question of the Validity of the Tax Lien and Its Enforceability
Because the initial tax assessment stands as valid, this Court can now declare, under G.L.c. 231A, § 1, the rights of the parties with respect to the funds being held in escrow.
By statute, “[i]f any person liable to pay any tax, neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the commonwealth upon all property and rights to property . . .” G.L.c. 62C, §50. The Code of Massachusetts Regulations explain that the lien shall continue to attach to property and rights to property “belonging to such person at any time during the period of the lien until the liability for the amount assessed or deemed to be assessed is satisfied.” 830 C.M.R. 62C.50.1. Liens shall terminate not later than six years from the date it was created. Id.
Although the question of whether a lien can be imposed on after-acquired property appears unsettled under Massachusetts state law, the Internal Revenue Code tracks the Massachusetts statute and regulation, and has been interpreted by the federal courts.[9] The federal courts have stated that, although the IRS can not attach property that a taxpayer has no present right to receive, United States v. Murray, 73 F.Sup.2d 29, 35-36 (D.Mass. 1999), a lien will attach to the property once it is acquired, so long as it is acquired while the tax debt remains unpaid and the lien still enforceable. Id. at 36, quoting Markham v. Fay, 74 F.3d 1347, 1365 (1st Cir. 1996). See also Glass City Bank v. United States, 326 U.S. 265, 267 (1945); United States v. Livingstone, 381 F.Sup. 607, 613 (1974); United States v. Shearer, 243 F.Sup. 433, 435 (1965); 26 U.S.C.A. (I.R.C. 1954) §§6321, 6322, 6323(a)(1).
As such, by appropriate analogy, because the DOR can impose a lien on property acquired during the validity of the lien, the lien on the Milford property was validly imposed because the plaintiff acquired the Milford property within six years of the filing of the lien. In other words, even though the plaintiff owned no property in Worcester County in 1993 when the lien was recorded in the Worcester Registry of Deeds, the plaintiff later acquired property in Worcester County and the lien on the after-acquired property properly attached to that property. Further, although it would appear that, all things being equal, the lien that attached to the Milford property would be enforceable against the plaintiff only until April of 1999, the lien was dissolved on or about April 1, 1998 by mutual agreement of the parties in order to allow the sale of the Milford property to proceed. As such, there is no need to address the present enforceability of the tax lien. Nevertheless, the parties agreed at that time that, in exchange for the DOR’s release of the lien, the plaintiffs share of the proceeds would be held in escrow pending disposition of the underlying issues. It is the opinion of this Court that the within decision necessarily disposes of the underlying issues, and the $22,388.52 held in escrow should be disbursed to the DOR, in partial satisfaction of the $41,822.70 tax assessment owed by the plaintiff.
*745 Regarding the remainder of the monies owed by the plaintiff, G.L.c. 62C, §65 states that taxes shall be collected within six years after the assessment of the tax. Section 65 further states that, when any question relative to such taxes is pending before any court at the end of such six-year period, the Commissioner's right to collect any tax due shall continue until one year after the final determination of that question. Here, it is undisputed that the DOR assessed the taxes against the plaintiffs on October 15, 1992 and November 4, 1992. It would appear that the Commissioner’s claim against the plaintiffs for unpaid taxes would have ceased to be enforceable after November 4, 1998, six years following the latest date of the assessment. In March of 1998, however, within the six-year window of enforceability, the plaintiffs filed a complaint in the Superior Court seeking a court order to compel the DOR to release the lien it had placed on the Milford property. The practical consequence of that filing was to create, prior to the six-year expiration date, a question relative to such tax assessment before a court. Thus, pursuant to G.L.c. 62C, §65, the Commissioner’s right to collect any tax due did not expire in November of 1998, and will not expire until one year after the final determination of this case. The date of the within decision marks the first day of that one-year period.
ORDER
The plaintiffs motion for summary judgment is DENIED. Further, this Court orders that the monies amounting to $22,388.52, held in escrow by the plaintiffs counsel, should be disbursed to the Department of Revenue.

Pursuant to G.L.c. 62C, §5, individual income tax returns are prepared by the taxpayer.

The plaintiff notes in his complaint that he did not receive notice of the tax lien, but the Court does not find this fact to be material to this decision.

The plaintiffs had sold the Southbridge property on March 14, 1991.

The plaintiff also notes that he did not know of his one-fourth interest until after the deed was recorded, but the Court does not find this fact to be material to this decision.

The property was sold on or about April 1, 1998 and the one-fourth net interest, after expenses of sale and broker’s commission, was $22,388.52.

General Laws chapter 62C, §37 provides that any person aggrieved by an assessment of tax may apply for an abatement to the commissioner. General Laws Chapter 62C, §39 provides that any person aggrieved by the refusal of the commissioner to abate a tax may appeal therefrom within sixty days after the notice of the decision of the commissioner or within six months after the time when the application for abatement is deemed to be denied.

G.L.c. 62C, §6 states that a non-resident who receives or accrues a gross income of more than $8,000 must file a return.

Section 3670 of the Internal Revenue Code provides that the amount of taxes owed the United States government by a taxpayer “shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person,” and §3671 creates a continuing tax lien covering all property or rights to property owned by a tax delinquent at any time during the life of the lien, including property acquired after the lien arose.